## In re BRINSON.

(District Court, S. D. Florida. September 30, 1924.)

No. 2687.

Bankruptcy ⬳350 — Claim for accrued rent held entitled to priority.

Where the laws of the state give a landlord a lien for rent, without any time limit, the landlord of a bankrupt is entitled to priority of payment of a claim for rent accrued prior to the bankruptcy, under Bankruptcy Act, § 64b (5), being Comp. St. § 9648, without regard to the date of accrual, where the lien would attach to the property which passed to the trustee.

In Bankruptcy. In the Matter of W. T. Brinson, doing business as the Brinson Hardware Company, bankrupt. On review of order of referee. Reversed and remanded.

E. Dixie Beggs, of Madison, Fla., for petitioner.

George W. Tedder, of Madison, Fla., as trustee.

CALL, District Judge. This cause comes on for a hearing upon the petition to revise and review the order of the referee denying the claim of the landlord of the bankrupt for rent, accrued prior to bankruptcy, of the store building occupied by the bankrupt in his business, as a prior claim. The referee allowed the claim for three months, and denied it for the time prior to the three months. The question to be decided at this hearing is whether the landlord is entitled to priority payment for the amount due for rent by the bankrupt accruing prior to bankruptcy.

Bankruptcy Act, § 64b (5), being Comp. St. § 9648, is as follows: "Debts owing to any person who by the laws of the states or the United States is entitled to priority."

Section 3556, Revised General Statutes of Florida, is as follows: "Every person to whom rent may be due * * * shall have a lien for such rent upon the property found upon or off the premises leased or rented, and in the possession of any person, as follows: * * * 2. Upon all other property of the lessee * * * usually kept on the premises."

I do not understand that there is any property in controversy, except such as was kept upon the leased premises. While there is some mention made of distraint proceedings taken by the landlord in December, less than four months before bankruptcy, there is nothing to indicate that any property of the bankrupt was levied upon, other than the stock of goods, etc., usually kept upon the leased premises.

The lien here given the landlord for rent is plain, and no time limit set. The Bankruptcy Act provides for the payment of such lien as a priority claim, and is also plain, with no time limit set. The only time limit set in the Bankruptcy Act is as to the payment of wages to certain employees. I am of opinion, therefore, that the referee erred in denying the claim of the landlord for priority payment of his claim for rent accruing prior to bankruptcy.

The petition to revise and review the order of the referee will be granted, and the cause remanded to the referee for further proceedings in consonance with the above opinion.